UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAMEL C. CUENCAS,<br>Plaintiff,<br>-v.-<br>THE CITY OF NEW YORK, et al.,<br>Defendants. | 26 Civ. 8837 (JHR)<br>ORDER OF SERVICE |

JENNIFER H. REARDEN, District Judge:

Plaintiff, who is currently in the custody of the New York City Department of Correction (the "DOC") at the Robert N. Davoren Center ("RNDC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); and Article I, Section 3 of the New York Constitution. Plaintiff principally alleges that Defendants interfered with his right to the free exercise of religion. By Order dated October 22, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] ECF No. 5. For the reasons set forth below, the Court hereby (1) dismisses Plaintiff's claims against the DOC, "DOC Commissioner Lynne Patterson," and the "Deputy Warden of RNDC"; (2) substitutes DOC Commissioner Stanley Richards as a Defendant in his official capacity; and (3) requests that the City of New York, DOC Commissioner Stanley Richards, and the RNDC Warden waive service of summons.

[1] Incarcerated persons are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). "The Court . . . assess[es] and, when funds exist, collect[s], as a partial payment of any court fees required by law, an initial partial fee of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." *Id.*

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Claims against the DOC

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court will construe any allegations asserted against the DOC as being asserted against the City of New York, which is also named as a Defendant in this action.

**B. Claims against DOC Commissioner Lynne Patterson**

Plaintiff also brings claims against Lynne Patterson, whom he incorrectly identifies as the DOC Commissioner, ECF No. 1 at 6, and does not otherwise mention in the complaint. Plaintiff's complaint states that his claims arose between December 2023 and "now," i.e., the date of his filing of the complaint on or about August 18, 2026.[2] *Id.* at 5. The current DOC Commissioner is Stanley Richards, who was appointed in February 2026. *See Stanley Richards, Commissioner*, https://www.nyc.gov/site/doc/about/commissioner.page (last visited November 19, 2026). The prior DOC Commissioner was Lynelle Maginley-Liddie, who served from December 2023 to February 2026. *See Mayor Adams Appoints Lynelle Maginley-Liddie as Department of Correction Commissioner* (Dec. 8, 2023), https://www.nyc.gov/mayors-office/news/2023/12/mayor-adams-appoints-lynelle-maginley-liddie-department-correction-commissioner.

To the extent that Plaintiff brings individual capacity claims against "DOC Commissioner Lynne Patterson," those claims are dismissed without prejudice for failing to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff does not plead

---

[2] Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). "[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order). At this stage, the Court assumes that Plaintiff's complaint was filed on August 18, 2026, the date on which he signed it.

sufficient information to ascertain who "DOC Commissioner Lynne Patterson" is, and the DOC Commissioner for the timeframe during which Plaintiff's claims arose was not "Lynne Patterson." Nor does Plaintiff sufficiently plead "DOC Commissioner Lynne Patterson['s]" individual involvement in the rights violations he alleges, a requirement for individual capacity claims under section 1983. *See Curtis v. New York*, No. 22 Civ. 7201 (LTS), 2022 WL 14054222, at *4 (S.D.N.Y Oct. 24, 2022) ("To state a claim under Section 1983 against an individual defendant in his or her individual capacity, a plaintiff must allege facts showing that individual defendant's direct and personal involvement in the alleged constitutional deprivation.") (citing *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013)). And RLUIPA does not permit individual capacity claims. *See Bacon v. Reed*, No. 20 Civ. 5993 (LTS), 2021 WL 2226855, at *3 n.4 (S.D.N.Y June 1, 2021) ("Plaintiff cannot assert his RLUIPA claim against [an individual defendant] because RLUIPA does not provide for individual capacity suits.").

Insofar as Plaintiff also brings official capacity claims against the DOC Commissioner, the Clerk of Court is directed to substitute current DOC Commissioner Stanley Richards as a Defendant in his official capacity on the docket. *See* Fed. R. Civ. P. 25(d).

### C. Claims against Deputy Warden of RNDC

In this Circuit, "a *pro se* plaintiff . . . [is entitled to a trial court's assistance] in identifying a defendant[,] . . . particularly [] where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997). But here, Plaintiff has not supplied information sufficient to identify the "Deputy Warden of RNDC," whom Plaintiff intends to sue in both individual and official capacities. ECF No. 1 at 6.

Further, as with "DOC Commissioner Lynne Patterson," Plaintiff fails to allege facts sufficient to demonstrate the personal involvement of the "Deputy Warden of RNDC." *Curtis*, 2022 WL 14054222, at *4. Accordingly, Plaintiff's individual capacity claims against the Deputy Warden of RNDC are dismissed for failing to state a claim, without prejudice to repleading. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent that Plaintiff brings claims against the "Deputy Warden of RNDC" in an official capacity, those "claims . . . are treated as claims against the municipality itself." *Perry v. Village of Hillburn*, No. 23 Civ. 11316 (NSR), 2026 WL 607808, at *6 (S.D.N.Y. Mar. 4, 2026). As such, "official-capacity claims against th[is] individual supervisory defendant[] are unnecessary because such claims duplicate the claims against the [municipality]"—here the City of New York. *Holden v. City of New York*, No. 24 Civ. 0074 (AS), 2024 WL 218438, at *2 (S.D.N.Y. Jan. 19, 2024). Indeed, "courts in the Second Circuit routinely dismiss official capacity claims against municipal officials as duplicative of the claims against the municipality." *In re New York City Policing During Summer 2020 Demonstrations*, 548 F. Supp. 3d 383, 409 (S.D.N.Y 2021) (citing *Phillips v. County of Orange*, 894 F. Supp. 2d 345, 384 n.35 (S.D.N.Y. 2012) (collecting cases)). "The Court therefore dismisses the official-capacity claims against the [Deputy Warden of RNDC]," without prejudice to repleading. *Holden*, 2024 WL 218438, at *2.

**D. Waiver of service**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717

[3] Although a summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff proceeds IFP and could not effect service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue. If service is not effected within this 90-day period, Plaintiff should request an extension of time for service. *See*

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("The court must so order [service . . . by a United States marshal or deputy marshal or by a person specially appointed by the court] if the plaintiff is authorized to proceed [IFP] under 28 U.S.C. § 1915 . . . .").

The Clerk of Court is directed to electronically notify the DOC and the New York City Law Department of this Order. The Court requests that the City of New York and DOC Commissioner Stanley Richards waive service of summons.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the DOC, "DOC Commissioner Lynne Patterson," and the "Deputy Warden of RNDC" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims against "DOC Commissioner Lynne Patterson" and the "Deputy Warden of RNDC" are dismissed without prejudice to repleading.

The Clerk of Court is directed to (1) under Fed. R. Civ. P. 25(d), substitute DOC Commissioner Stanley Richards as a Defendant for "DOC Commissioner Lynne Patterson," (2) electronically notify the New York City Department of Correction and the New York City Law Department of this Order, and (3) mail an information package to Plaintiff.

The Court requests that Defendants the City of New York, DOC Commissioner Stanley Richards, and the RNDC Warden waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

*Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service).

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 19, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge